# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **Thomas J.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 23 C 03928** |
| **v.** | ) | |
| | ) | **Magistrate Judge Laura K. McNally** |
| **Frank Bisignano,** | ) | |
| **Commissioner of Social Security,**[2] | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>ORDER</u>[3]

Before the Court are Plaintiff Thomas J.'s brief in support of reversing the decision of the Commissioner of Social Security (Dkt. 13: Brief in Supp. of Rev. Decision of Comm. of Soc. Sec., "Pl. Brief"), Defendant's motion for summary judgment and memorandum in support of his motion for summary judgment (Dkt. 17: Mot. for Summ. J. ("Def. Mot."), Dkt. 18: Def. Mem. in Supp. of Mot. for Summ. J., "Def. Mem."), and Plaintiff's reply (Dkt. 19: Plaintiff's Reply Brief, "Pl. Reply").

---

[1] The Court in this order is referring to Plaintiff by his first name and first initial of his last name in compliance with Internal Operating Procedure No. 22 of this Court.

[2] The Court substitutes Frank Bisignano for his predecessor(s) as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

[3] On June 29, 2023, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was reassigned to the magistrate judge for all proceedings, including entry of final judgment. (Dkt. 7.)

### I.    Procedural History

Plaintiff applied for both supplemental security income and disability insurance benefits on March 23, 2018, alleging disability from March 20, 2018. (R. 60, 273-74.) Plaintiff's claims were initially denied on July 11, 2018 (R. 146-69) and upon reconsideration on March 10, 2019. (R. 172-99.) On January 6, 2020, an ALJ issued a decision finding Plaintiff not disabled. (R. 57-85.) Plaintiff subsequently appealed and the U.S. District Court for the Northern District of Illinois remanded Plaintiff's claims for further proceedings on November 22, 2021. (R. 1274-81.) Plaintiff also filed a claim for disability insurance benefits in October 2020 that was denied on initial and reconsideration. (R. 1289-1321). In June 2022, the Appeals Council ordered consolidation of the 2020 claim with Plaintiff's 2018 claims and remanded the consolidated claims to an ALJ in accordance with the Court's order. (R.1282-88).

ALJ Deborah Ellis held a hearing on December 20, 2022 on Plaintiff's claims and Plaintiff appeared telephonically with his counsel. (R. 1136-72.) On February 22, 2023, the ALJ issued a decision finding Plaintiff not disabled. (R. 1100-35.) Plaintiff did not file written exceptions, and the Appeals Council did not otherwise assume jurisdiction, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §

2

404.984(d).[4] After considering the briefs and evidence, the Court grants Plaintiff's request for remand and denies Defendant's motion for summary judgment.

## II.    ALJ Decision

The ALJ applied the Social Security Administration's five-step sequential evaluation process to Plaintiff's claims. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 20, 2018. (R. 1108.) At Step Two, the ALJ determined that Plaintiff had the severe impairments of diabetes mellitus, arthritis and psoriatic arthritis, depression, anxiety and posttraumatic stress disorder (PTSD). (*Id.*) Because Plaintiff's claimed impairments included mental impairments, the ALJ evaluated their severity against the four "Paragraph B" functional areas as required in the regulations.

The ALJ concluded that Plaintiff had a mild limitation in adapting or managing oneself. (R. 1109). The ALJ also found that Plaintiff had moderation limitations in understanding, remembering, or applying information, interacting with others, and concentrating or persisting and maintaining pace. (R. 1108-09.) The ALJ concluded that none of Plaintiff's impairments met or equaled a Listing at Step Three. (R. 1108-10.)

---

[4] The regulations that govern disability insurance benefits (20 C.F.R. Part 404) and supplemental security income (20 C.F.R. Part 416) are virtually identical in all relevant respects. Accordingly, the Court will cite to the regulations for disability insurance found in 20 C.F.R. Part 404.

Before Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels. (R. 1110). The ALJ found Plaintiff nonetheless had the following manipulative, postural, and mental limitations:

> The claimant can understand and remember simple but not detailed or complex instructions, such as semiskilled work. The claimant can adapt to routine changes in the workplace. The claimant can frequently handle and finger with his right upper extremity. The claimant can occasionally crawl and crouch. The claimant can interact with the public occasionally.

(R. 1110.)

At Step Four, the ALJ found that Plaintiff was unable to perform his past relevant work of cable machine operator, railroad car inspector, insert machine operator. (R. 1124.)

The ALJ found at Step Five that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform based on his RFC. (R. 1125.) The ALJ specifically found that Plaintiff could perform the work of a laundry laborer, production helper, or sorter. (*Id.*) As a result, the ALJ found that Plaintiff was not disabled. (R. 1125-26.)

## III. Legal Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

4

expected to last for a continuous period of not less than twelve months." 42 U.S.C.

§ 423(d)(1)(a).

The Court does not "merely rubber stamp the ALJ's decision on judicial review." *Prill v. Kijakazi*, 23 F.4th 738, 746 (7th Cir. 2022) An ALJ's decision will be affirmed if it is supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id*. at 1054.

The Seventh Circuit added that "[a]t times, we have put this in the shorthand terms of saying an ALJ needs to provide a 'logical bridge from the evidence to his conclusion.'" *Id*. (citation omitted). The Seventh Circuit further has clarified that district courts, on review of ALJ decisions in Social Security appeals, are subject to a similar minimal articulation requirement: "A district (or magistrate) judge need only supply the parties . . . with enough information to follow the material reasoning underpinning

a decision." *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). The district court's review of the ALJ's opinion "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's determination." *Chavez v. O'Malley*, 96 F.4th 1016, 1021 (7th Cir. 2024) (internal quotations omitted).

## IV.    Analysis

Plaintiff argues that the case must be remanded because the ALJ did not support with substantial evidence her mental RFC finding that Plaintiff was capable of occasionally interacting with the public. (Pl. Brief 6-10.)[5] Specifically, he contends that the RFC's limitation to occasionally interacting with the public does not properly account for the prior administrative medical findings that Plaintiff had moderate limitations in interacting with supervisors and coworkers. (*Id.*). The Court agrees, and thus must remand the case.

When evaluating Plaintiff's ability to interact with others, the ALJ found that Plaintiff had a moderate limitation and noted that Plaintiff testified to being a loner and avoiding crowds. (R. 1108, *citing* R. 95, 118-19.)  Plaintiff was prescribed Propranolol to help with "stage fright." (R. 1108-09, *citing* R. 877). The ALJ also emphasized that

---

[5] Plaintiff also contends that the ALJ erred in evaluating his concentration, persistence, and pace limitations, failed to properly evaluate his counselor's medical opinion, and in evaluating his subjective allegations (Pl. Brief. 2-6, 10-15.) Because the Court is remanding on the social interaction mental RFC issue, it does not reach Plaintiff's other assignments of error.

Plaintiff testified at the 2019 hearing that he went to public forums to discuss issues and that psychiatric treatment notes indicated he was appropriate in social situations. (R. 1109, *citing* R. 120-21, 966, 972.) By the 2022 hearing though, Plaintiff testified that he no longer went to those forums because all of his impairments, both physical and mental, had left him drained of energy. (R. 1155-56).

In determining Plaintiff's mental RFC, the ALJ evaluated the 2021 prior administrative medical findings of the state agency psychological consultants. (R. 1121). The psychological consultants, W. Miller Logan, M.D., and Tyrone Hollerauer, Psy.D., assessed that Plaintiff was moderately limited in the functional area of social interaction. (R. 1304-05, 1318.) They specifically indicated in the worksheet section that Plaintiff was moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors, the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness. (*Id.*) In the narrative section of their findings, Drs. Logan and Hollerauer wrote that Plaintiff was able to "maintain socially appropriate behavior in a work setting and ask simple questions or request assistance." (*Id.*)

As relevant here, regarding social interaction limitations, the ALJ wrote that "Dr. Logan and Dr. Hollerauer did not include any social limitations in their assessments[.]" (R. 1121.)  The ALJ explained that she gave Plaintiff the "full benefit of the doubt in

connection with his reports of isolating himself from others due to his mental impairments" and limited him to work involving only "occasional interaction with the public." (R. 1110, 1121).

Plaintiff argues that the RFC limitation for occasional public interaction does not account for Plaintiff's moderate limitation in social interaction, particularly because the prior administrative medical findings indicated that Plaintiff was moderately limited in interacting with supervisors and coworkers. (Pl. Brief 6-10, *citing Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015); *DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019). The social interaction limitations for coworkers and supervisors that Plaintiff argues were improperly excluded were contained in the "worksheet" section of the prior administrative medical findings, not the narrative section.

The Seventh Circuit has addressed the distinction between these two sections of prior administrative medical findings and noted that the worksheet observations are "less useful to an ALJ than a doctor's narrative RFC assessment" but are nonetheless "medical evidence which cannot just be ignored." *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015). In *Varga*, the Seventh Circuit also stated that "an ALJ may rely on a doctor's narrative RFC, rather than the checkboxes, where that narrative adequately encapsulates and translates those worksheet observations." (*Id.*) Additionally, the Seventh Circuit has found that "even if an ALJ may rely on a narrative explanation, the ALJ still must adequately account for limitations identified elsewhere in the record,

8

including specific questions raised in check-box sections of standardized forms such as the PRT and MRFC forms." *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019).

The state agency psychological consultants' narrative finding that Plaintiff could "maintain socially appropriate behavior in a work setting and ask simple questions or request assistance" did not provide an opinion as to the issues noted in the worksheet section of the opinion. Specifically, it did not speak to Plaintiff's specific work-related social functional limitations with regards to handling instructions and criticism from supervisors or the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. The narrative also appears to contradict the finding that Plaintiff was moderately limited in his ability to maintain socially appropriate behavior and to adhere to basic standards of neatness. (R. 1304-05, 1318). Notably, the ALJ construed the narrative finding as not including "any social limitations." (R. 1121).

Following the ALJ's reasoning, the narrative section did not "adequately encapsulate and translate" the worksheet findings that Plaintiff was moderately limited in supervisor and coworker interactions, which is medical evidence that cannot be ignored. *Varga*, 794 F.3d at 816. In light of the state agency psychological consultants' failure to translate Plaintiff's moderate deficits in handling instructions and criticism from supervisors and getting along with coworkers and peers into a specific RFC limitation, the ALJ's RFC needed to account for these moderate limitations. *Id.* (where "no narrative translation exists . . . an ALJ's hypothetical question to the VE must take

into account any moderate difficulties in mental functioning found in Section I of the MRFCA form.").

Instead of considering these moderate limitations, as noted above, the ALJ stated that Drs. Logan and Hollerauer "did not include any social limitations in their assessments" and did not address at all that they indicated Plaintiff had moderate limitations in interacting with supervisors and coworkers. (R. 1121). Furthermore, the ALJ stated that she had "given [Plaintiff] the full benefit of the doubt in connection with his reports of isolating himself from others due to his mental impairments" in limiting him to only occasional interaction with the public without addressing medical evidence of moderate limitations in interacting with supervisors and coworkers. (*Id.*).

Further, the record contains evidence of Plaintiff having issues with isolative behavior, obsessive thoughts towards others, and requiring redirection and mental status exams that documented anxious, irritable affect, and tangential and distractible thought process. (R. 978, 994, 2575, 2600, 2607-08, 2614-28). Ultimately, the lack of explanation for Plaintiff's social interaction limitations and failure to consider the supervisor and coworker aspects of the limitations, as identified in the prior administrative medical findings, inhibits this Court's review for substantial evidence and requires remand.

Defendant argues that the ALJ did not err in her evaluation of the prior administrative medical findings and Plaintiff's mental RFC because there is not "a one-

10

to-one relationship between each broad category of functioning (or subcategory) and the RFC" and the moderate worksheet limitations indicated Plaintiff's abilities were "fair." (Def. Mem. 8-10, citing *Jane Y. v. O'Malley*, No. 23 C 1814, 2024 WL 689993, at *5-7 (N.D. Ill. Feb. 20, 2024). This argument is unavailing because in this case, the ALJ failed to consider at all worksheet limitations for interacting with supervisors and coworkers after finding that the narrative section contained no social interaction limitations.

Further, the *Jane Y.* case is factually inapposite because in that case the prior administrative medical findings worksheet section indicated less limitations and the narrative section contained meaningful social interaction limitations that the ALJ considered. *Jane Y*, 2024 WL 689993, at *5-7. Additionally, Defendant's argument regarding "fair" functioning is similarly unavailing because the ALJ did not address supervisor or coworker interaction limitations at all. *See Monique J. v. Kijakazi*, No. 22 C 4573, 2023 WL 7110746, at *4 (N.D. Ill. Oct. 27, 2023) ("the Commissioner's related argument that a moderate limitation is not a complete impairment but rather means functioning in this area is 'fair' misses the point"). *See also Cody M. v. Kijakazi*, No. 20 C 2731, 2023 WL 3058779, at *4 (N.D. Ill. Apr. 24, 2023) ("it is unclear whether Dr. Pittman's assessment that Plaintiff had moderate limitations in such things as the ability to accept criticism from supervisors, to get along with coworkers without distracting them, or exhibiting behavioral extremes were addressed by an RFC that limited him to 'occasional' interactions").

11

In the Seventh Circuit, ALJs are not required to substantiate every point they make but they must provide a minimal articulation that allows this Court to follow the ALJ's reasoning for meaningful appellate review. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024); *see also Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003), citing *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). Here, the Court lacks the minimal articulation necessary to follow why the ALJ found a limitation for occasional interaction with the public sufficient to account for Plaintiff's moderate limitations in social interaction. Thus, the Court agrees with Plaintiff that the ALJ did not support Plaintiff's mental RFC determination with substantial evidence.

Therefore, the Court finds that the ALJ did not support her mental RFC finding with substantial evidence.

## CONCLUSION

For the reasons explained above, the Court grants Plaintiff's request for remand (Dkt. 13) and denies Defendant's motion for summary judgment. (Dkt. 17.)

**SO ORDERED.**

ENTER:

LAURA K. MCNALLY
**United States Magistrate Judge**

**DATED: <u>March 12, 2026</u>**